# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| KAYE FULLER, Individually and for Others Similarly Situated<br><br>v.<br><br>ENCOMPASS HEALTH CORPORATION | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Kaye Fuller ("Fuller") brings this collective action to recover unpaid overtime wages and other damages from Encompass Health Corporation ("Encompass").

2. Fuller works for Encompass as a Licensed Practical Nurse ("LPN") at Encompass' West Tennessee Rehabilitation Hospital in Jackson, Tennessee.

3. Like the Putative Class Members (as defined below), Fuller regularly works more than 40 hours in a workweek.

4. But Encompass does not pay Fuller and the Putative Class Members overtime wages at the proper premium rate when they work in excess of 40 hours in a workweek.

5. Instead, Encompass uniformly pays Fuller and the Putative Class Members different hourly rates (or "shift differentials") depending on what type of shifts they work, which Encompass fails to include in calculating these employees' regular rates of pay for overtime purposes.

6. Likewise, Encompass uniformly pays Fuller and the Putative Class Members bonuses when they work additional shifts, which Encompass fails to include in calculating these employees' regular rates of pay for overtime purposes.

7. Encompass' shift differential and bonus pay schemes violate the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA") by depriving Fuller and the Putative Class Members of overtime

wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all hours worked in excess of 40 hours in a workweek.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court has general personal jurisdiction over Encompass because Encompass is a domestic corporation.

10. Venue is proper because Encompass, a Delaware corporation, resides in this District. 28 U.S.C. § 1391(b)(1).

## PARTIES

11. Fuller has worked for Encompass as an LPN at Encompass' West Tennessee Rehabilitation Hospital in Jackson, Tennessee since approximately November 2020.

12. Throughout her employment, Encompass classified Fuller as non-exempt and paid her on an hourly basis.

13. Throughout her employment, Encompass paid Fuller under its shift differential pay scheme, paying her different hourly rates depending on what type of shift she worked (e.g., night shifts, weekend shifts, etc.).

14. But throughout her employment, Encompass failed to include these shift differentials in calculating Fuller's regular rate of pay for overtime purposes.

15. Further, throughout her employment, Encompass paid Fuller under its bonus pay scheme, paying bonuses when she worked additional shifts beyond her required three shifts each week.

16. But throughout her employment, Encompass failed to include these bonuses in calculating Fuller's regular rate of pay for overtime purposes.

17. Fuller's written consent is attached as **Exhibit 1**.

18. Fuller brings this action on behalf of herself and other similarly situated hourly, non-exempt employees who worked for, or on behalf of, Encompass who were paid under Encompass' shift differential and/or bonus pay schemes.

19. Encompass uniformly pays these employees shift differentials and/or bonuses that Encompass fails to include in calculating their regular rates of pay for overtime purposes.

20. Thus, Encompass uniformly deprives these employees of overtime wages the proper premium rate – based on *all* renumeration received – during workweeks in which these employees work more than 40 hours in violation of the FLSA.

21. The Putative Class of similarly situated employees is defined as:

> **All hourly, non-exempt employees who worked for, or on behalf of, Encompass at any Encompass facility[1] who received shift differentials and/or bonuses at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

22. Encompass is a Delaware corporation that maintains its headquarters in Birmingham, Alabama.

23. Encompass may be served with process by serving its registered agent: **Corporation Service Company, Inc., 251 Little Falls Drive, Wilmington, Delaware 19808**.

## COVERAGE UNDER THE FLSA

24. At all relevant times, Encompass was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Encompass was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

---

[1] https://encompasshealth.com/find-a-location (identifying all Encompass facilities) (last visited on June 19, 2023).

26. At all relevant times, Encompass has been part of an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

27. At all relevant times, Encompass has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including cell phones/devices, medical supplies, personal protective equipment, etc.) that have been moved in or produced for commerce.

28. In each of the past 3 years, Encompass has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

29. At all relevant times, Fuller and the Putative Class Members were Encompass' "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

30. At all relevant times, Fuller and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

31. Encompass uniformly paid Fuller and the Putative Class Members shift differentials depending on what type of shifts they worked.

32. Encompass uniformly paid Fuller and the Putative Class Members bonuses when they worked additional shifts beyond their minimum required schedules.

33. But Encompass uniformly failed to include these shift differentials and bonuses in calculating Fuller's and the Putative Class Members' regular rates of pay for overtime purposes.

34. As a result, Encompass failed to pay Fuller and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – in violation of the FLSA.

35. Encompass' shift differential and bonus pay schemes, which deprive Fuller and the Putative Class Members of overtime compensation at the proper premium rate during workweeks in which they work more than 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

36. Encompass bills itself as "the largest owner and operator of rehabilitation hospitals in the United States."[2]

37. Through its network of "157 hospitals in 37 states and Puerto Rico, [Encompass] provides high-quality, compassionate rehabilitative care for patients recovering from a major injury or illness."[3]

38. To meet its business objectives, Encompass employs patient care workers, including Fuller and the Putative Class Members, to work at the various facilities it owns and/or operates across the country.

39. Indeed, Encompass owns and/or operates all the rehabilitation facilities where Fuller and the Putative Class Members work.

40. Encompass controls and dictates Fuller's and the Putative Class Members' rates and methods of pay.

41. Encompass maintains control, oversight, and direction over Fuller and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages (including overtime compensation), timekeeping, performance standards, and other employment policies.

---

[2] https://investor.encompasshealth.com/investor-resources/company-overview/default.aspx?_ga=2.78301012.1169942948.1687202074-2071110268.1687202074&pk_vid=552f9a7f46d7a0bf168720527902f2cd (last visited June 19, 2023).
[3] *Id.*

42. Encompass maintains control, oversight, and direction of Fuller and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, and other employment practices.

43. Indeed, Encompass dictates the hiring standards and all other employment policies and practices in place at its various rehabilitation facilities where Fuller and the Putative Class Members work.

44. Encompass has the authority to hire, fire, and discipline the employees working at its various rehabilitation facilities, including Fuller and the Putative Class Members.

45. Encompass controls Fuller's and the Putative Class Members' schedules and assignments.

46. Encompass controls Fuller's and the Putative Class Members' work.

47. Encompass requires Fuller and the Putative Class Members to follow Encompass' policies, procedures, and specifications.

48. Fuller's and the Putative Class Members' work must strictly adhere to the quality standards put in place by Encompass.

49. Encompass prohibits Fuller and the Putative Class Members from varying their job duties outside Encompass' guidelines and expectations and requires Fuller and the Putative Class Members to follow Encompass' policies, procedures, and directives.

50. Encompass' rehabilitation facilities have common ownership, management, and/or a centralized human resources department.

51. Without the patient care work Fuller and the Putative Class Members perform, Encompass would not be able to complete its business objectives of operating rehabilitation facilities across the country.

52. Fuller and the Putative Class Members rely on Encompass for work and compensation.

53. Fuller and the Putative Class Members do not substantially invest in the tools, materials, and equipment required to complete their patient care jobs.

54. Rather, Encompass incurs the large-scale business and operating expenses like payroll, marketing, rehabilitation facilities and hospitals, medical equipment and tools, etc. that the patient care employees working at its various rehabilitation facilities, including Fuller and the Putative Class Members, need to perform their patient care jobs.

55. Encompass sets Fuller's and the Putative Class Members' work schedule, which necessarily prohibits them from working other jobs while working for Encompass.

56. Encompass maintains employment records for the patient care employees working at its various rehabilitation facilities, including Fuller and the Putative Class Members.

57. In sum, the patient care employees that work in Encompass' various rehabilitation facilities, including Fuller and the Putative Class Members, are Encompass' employees.

58. Encompass uniformly classifies the patient care employees that work in its various rehabilitation facilities, including Fuller and the Putative Class Members, as non-exempt from overtime compensation and pays them on an hourly basis.

59. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

60. For example, Fuller has worked for Encompass as an LPN at Encompass' West Tennessee Rehabilitation Hospital in Jackson, Tennessee since approximately November 2020.

61. As an LPN, Fuller's primary responsibilities included providing direct patient care to the patients in Encompass' West Tennessee Rehabilitation Hospital, such as monitoring vital signs, providing patients with prescribed medicine, administering feeding tubes, assisting in the uses of colostomy bags, administering and assisting in the use of IV's, and generally assisting other medical professionals in other healthcare and rehab-related tasks.

62. Throughout her employment, Encompass classified Fuller as non-exempt and paid her on an hourly basis.

63. Throughout her employment, Encompass paid Fuller shift differentials and bonuses that Encompass failed to include in calculating her regular rate of pay for overtime purposes.

64. Fuller and the Putative Class Members performed their jobs under Encompass' supervision, and using materials, equipment, and technology approved and supplied by Encompass.

65. Encompass requires Fuller and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

66. At the end of each pay period, Fuller and the Putative Class Members received wages from Encompass that were determined by common systems and methods that Encompass selected and controlled.

67. Encompass requires its hourly, non-exempt employees, including Fuller and the Putative Class Members, to record their hours worked using Encompass' timeclock system.

68. Further, Encompass uniformly subjects Fuller and the Putative Class Members to its uniform shift differential and bonus pay schemes.

69. Specifically, Encompass pays Fuller and the Putative Class Members shift differentials depending on what type of shifts they work, as well as bonuses when they work additional shifts beyond their minimum required schedule.

70. But Encompass fails to include these shift differentials and bonuses in calculating Fuller's and the Putative Class Members' regular rates of pay for overtime purposes.

71. Encompass' shift differential and bonus pay schemes violate the FLSA by depriving Fuller and the Putative Class Members of overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – when these employees work more than 40 hours in a workweek.

72. Fuller worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

73. For example, during the workweek from June 26, 2021 through July 2, 2021, Fuller worked 48.55 hours.

74. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

75. Indeed, Encompass requires Fuller and the Putative Class Members to work a minimum of three 12-hour shifts each week.

76. And Fuller and the Putative Class Members routinely pick up additional 12-hour shifts.

77. As a result, Fuller and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

78. When Fuller and the Putative Class Members worked more than 40 hours in a workweek, Encompass did not pay them overtime wages at rates not less than 1.5 times their regular rate of pay – based on *all* renumeration received – for all overtime hours worked because Encompass failed to include these employees' shift differentials and/or bonuses in calculating their regular rates of pay for overtime purposes in violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

79. Fuller realleges and incorporates all other paragraphs by reference.

80. Fuller brings her FLSA claims as a collective action on behalf of herself and the Putative Class Members pursuant to Section 216(b) of the FLSA.

81. The Putative Class Members were uniformly victimized by Encompass' shift differential and/or bonus pay schemes, which are in willful violation of the FLSA.

82. Other Putative Class Members worked with Fuller and indicated they were paid in the same manner, performed similar work, and were subject to Encompass' same illegal pay schemes.

83. Based on her experiences with Encompass, Fuller is aware Encompass' illegal practices were imposed on the Putative Class Members.

84. The Putative Class Members are similarly situated in all relevant respects.

85. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

86. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

87. Rather, the Putative Class is held together by Encompass' uniform shift differential and/or bonus pay schemes that systematically deprived Fuller and the Putative Class Members of overtime wages at the proper premium rate (based on all renumeration received) when they worked in excess of 40 hours in a workweek.

88. The Putative Class Members are similarly denied overtime compensation at the proper premium rate for all overtime hours worked when they work more than 40 hours in a workweek.

89. The back wages Encompass owes to Fuller and the Putative Class Members will be calculated using the same records and using the same formula.

90. Fuller's experiences are therefore typical of the experiences of the Putative Class Members.

91. Fuller has no interest contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

92. Like each Putative Class Member, Fuller has an interest in obtaining the unpaid wages owed under federal law.

93. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

94. Absent a collective action, many Putative Class Members will not obtain redress for their injuries, and Encompass will reap the unjust benefits of violating the FLSA.

95. Further, even if some of the Putative Class Members could afford individual litigation against Encompass, it would be unduly burdensome to the judicial system.

96. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

97. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

98. Among the common questions of law and fact are:

   a. Whether Encompass' shift differential pay scheme applied uniformly across the country to Fuller and the Putative Class Members;

   b. Whether Encompass' bonus pay scheme applied uniformly across the country to Fuller and the Putative Class Members;

   c. Whether Encompass failed to include Fuller's and the Putative Class Members' shift differentials and/or bonuses in calculating these employees' regular rates of pay for overtime purposes in violation of the FLSA;

   d. Whether Encompass' shift differential and/or bonus pay schemes deprived Fuller and the Putative Class Members of overtime wages at the proper premium rate when they worked more than 40 hours in a workweek in violation of the FLSA;

   e. Whether Encompass' decision not to pay Fuller and the Putative Class Members overtime compensation at the proper premium rate – based on all renumeration received – was made in good faith;

   f. Whether Encompass' violations of the FLSA resulted from a continuing course of conduct; and

   g. Whether Encompass' violations of the FLSA were willful.

99. Fuller and the Putative Class Members sustained damages arising out of Encompass' illegal and uniform employment policies.

100. Fuller knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

101. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Encompass' records, and there is no detraction from the common nucleus of liability facts.

102. Therefore, the issue of damages does not preclude collective treatment.

103. Encompass is liable under the FLSA for failing to pay Fuller and the Putative Class Members overtime compensation at the proper premium rate for all hours worked in excess of 40 hours in a workweek.

104. Consistent with Encompass' illegal shift differential pay scheme, Fuller and the Putative Class Members were not paid overtime compensation at the proper premium rate based on *all* renumeration received.

105. Consistent with Encompass' illegal bonus pay scheme, Fuller and the Putative Class Members were not paid overtime compensation at the proper premium rate based on *all* renumeration received.

106. As part of its regular business practices, Encompass intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Fuller and the Putative Class Members.

107. Encompass' illegal pay schemes deprived Fuller and the Putative Class Members of overtime wages at the proper premium rate, which they are owed under federal law.

108. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

109. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

110. Those similarly situated employees are known to Encompass, are readily identifiable, and can be located through Encompass' records.

## ENCOMPASS' FLSA VIOLATIONS WERE WILLFUL OR DONE IN RECKLESS DISREGARD FOR THE FLSA

111. Fuller realleges and incorporates all other paragraphs by reference.

112. Encompass knew the patient care employees that work in its various rehabilitation facilities, including Fuller and the Putative Class Members, were its employees.

113. Encompass knew Fuller and the Putative Class Members were non-exempt employees entitled to overtime because Encompass uniformly classified and paid them as such.

114. Encompass knew Fuller and the Putative Class Members were its hourly employees because Encompass uniformly paid these employees on an hourly basis.

115. Encompass knew Fuller and the Putative Class Members worked more than 40 hours in at least one workweek during the 3 years prior to the filing of this Complaint because Encompass required these employees to record their hours worked using its timeclock system.

116. Encompass knew it was subject to the FLSA, including its overtime provisions.

117. Encompass knew the FLSA required it to pay employees, including Fuller and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates

of pay – based on all renumeration received – for all hours worked in excess of 40 hours in a workweek.

118. Encompass knew it paid Fuller and the Putative Class Members shift differentials depending on what types of shifts they worked.

119. Encompass knew it excluded Fuller's and the Putative Class Members' shift differentials in calculating these employees' regular rates of pay for overtime purposes.

120. Encompass knew it was required to include Fuller's and the Putative Class Members' shift differentials in calculating these employees' regular rates of pay for overtime purposes.

121. Nonetheless, Encompass failed to include Fuller's and the Putative Class Members' shift differentials in calculating these employees' regular rates of pay for overtime purposes.

122. Encompass knew it paid Fuller and the Putative Class Members bonuses when they worked additional or extra shifts.

123. Encompass knew it excluded Fuller's and the Putative Class Members' bonuses in calculating these employees' regular rates of pay for overtime purposes.

124. Encompass knew it was required to include Fuller's and the Putative Class Members' bonuses in calculating these employees' regular rates of pay for overtime purposes.

125. Nonetheless, Encompass failed to include Fuller's and the Putative Class Members' bonuses in calculating these employees' regular rates of pay for overtime purposes.

126. Thus, Encompass knew, or should have known, that it failed to pay Fuller and the Putative Class Members overtime wages at the proper premium rate – based on all renumeration received – in violation of the FLSA.

127. Encompass' failure to pay Fuller and the Putative Class Members overtime wages at the proper premium rate was neither reasonable, nor was the decision not to pay these employees overtime wages at the proper premium rate – based on all renumeration received – made in good faith.

128. Indeed, Encompass and its affiliated entities have been sued previously for failing to pay employees proper overtime wages in violation of the FLSA and analogous state wage and hour laws. *See, e.g.*, *Borger v. Encompass Health Corp., et al.*, No. 6:21-CV-00090 (E.D. Tex.); *May v. Encompass Health Corp., et al.*, No. 3:20-CV-00394 (S.D. Miss.); *Cashon v. Encompass Health Corp., et al.*, No. 1:19-CV-00671 (E.D. Cal.); *Phillips, et al. v. Encompass Health Corp.*, No. 2:18-CV-00442 (N.D. Ala.).

129. Encompass knowingly, willfully, and/or in reckless disregard carried out these illegal pay schemes that deprived Fuller and the Putative Class Members of overtime wages at the proper premium rate for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

## CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

130. Fuller realleges and incorporates all other paragraphs by reference.

131. Fuller brings her FLSA claim as a collective action on behalf of herself and the Putative Class Members pursuant to 29 U.S.C. § 216(b).

132. Encompass violated, and is violating, the FLSA by failing to pay Fuller and the Putative Class Members overtime wages at rates not less than 1.5 times these employees' regular rates of pay – based on *all* renumeration received – for all hours worked in excess of 40 in a single workweek.

133. Throughout the relevant period, Encompass paid Fuller and the Putative Class Members shift differentials and/or bonuses that Encompass failed to include in calculating these non-exempt employees' regular rates of pay for overtime purposes.

134. Fuller and the Putative Class Members have been harmed as a direct and proximate result of Encompass' unlawful conduct because they have been deprived of wages owed for work that they performed and from which Encompass derived a direct and substantial benefit.

135. Encompass knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Fuller and the Putative Class Members overtime compensation at the proper premium rate.

136. Encompass' failure to pay Fuller and the Putative Class Members overtime compensation at the proper premium rate was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate made in good faith.

137. Accordingly, Fuller and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

### JURY DEMAND

138. Fuller demands a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Fuller, individually and on behalf of the Putative Class Members, seeks the following relief:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. An Order pursuant to Section 16(b) of the FLSA finding Encompass liable for unpaid overtime wages due to Fuller and the Putative Class Members, plus liquidated damages in an amount equal to their unpaid overtime compensation;

- 17 -

      c.      Judgment awarding Fuller and the Putative Class Members all unpaid compensation and other damages available under the FLSA;

      d.      An Order awarding attorney's fees, costs, and expenses;

      e.      Pre- and post-judgment interest at the highest applicable rates; and

      f.      Such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Dated: June 20, 2023. | Respectfully submitted,<br><br>**FARNAN LLP**<br><br>By: */s/ Michael J. Farnan*<br>Sue L. Robinson (Bar No. 100658)<br>Brain E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, Delaware 19801<br>302-777-0300 – Telephone<br>302-777-0301 – Facsimile<br>srobinson@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Michael A. Josephson*<br>Andrew W. Dunlap*<br>**JOSEPHSON DUNLAP LLP**<br>11 Greenway Plaza, Suite 3050<br>Houston, Texas 77046<br>713-352-1100 – Telephone<br>713-352-3300 – Facsimile<br>mjosephson@mybackwages.com<br>adunlap@mybackwages.com<br><br>Richard J. (Rex) Burch*<br>**BRUCKNER BURCH PLLC**<br>11 Greenway Plaza, Suite 3025<br>Houston, Texas 77046<br>713-877-8788 – Telephone<br>713-877-8065 – Facsimile<br>rburch@brucknerburch.com<br><br>William C. (Clif) Alexander*<br>Austin W. Anderson*<br>**ANDERSON ALEXANDER PLLC**<br>101 N. Shoreline Blvd., Suite 610<br>Corpus Christi, Texas 78401<br>361-452-1279 – Telephone<br>361-452-1284 – Facsimile<br>clif@a2xlaw.com<br>austin@a2xlaw.com<br>*Pro hac vice applications forthcoming*<br><br>**ATTORNEYS FOR PLAINTIFF & THE PUTATIVE CLASS MEMBERS** |